## Phœbe H. Riley *v.* Pennsylvania Mutual Life Insurance Company, Appellant.

*Insurance—Life insurance—Payment of premium—Custom—Agent—Affidavit of defense.*

In an action upon a policy of life insurance, where it appears that the first premium was not paid, and the plaintiff's case rests upon the mere averment of a custom by the company to forward to its local agent the receipts for premiums about to become due, and that said agent informed the assured of said custom when he delivered the policy, and promised to call for said premiums as they fell due, and that he relied upon the agent's promise to so call upon him for the premiums, the denial in an affidavit of defense that such an arrangement had been authorized by the company or had been made by any one with power to bind it is sufficient to prevent judgment, and to carry the case to the jury.

Argued Nov. 15, 1898. Appeal, No. 54, Oct. T., 1898, by defendant, from order of C. P. No. 3, Allegheny Co., Nov. T., 1897, No. 463, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit upon a policy of life insurance.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the statement sufficiently appear in the opinion of the Supreme Court.

The affidavit of defense was as follows:

The policy of insurance sued on contained the following clause : " All payments are due and payable at the home office in Philadelphia, but may be paid to agents who present the company's regular printed receipts duly signed by the president and secretary. If any payment is not made on or before the

day when due, this policy shall become null and void, and all payments previously made shall remain the property of the company, except as hereinafter provided."

By the terms of said policy, the quarterly premium was due thereon on the 1st day of July, 1896; the same was not then paid, nor was the same paid within thirty days, being the thirty days of grace allowed for payment thereof; and by the terms of said policy, the policy thereupon lapsed and became null and void and the defendant thereupon had, and since has had, no liability thereunder.

The defendant denies that any such arrangement for the payment of premiums, as mentioned in the plaintiff's affidavit of claim, was entered into by any person authorized to make any such arrangement and having power to bind the defendant thereto.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Walter Lyon,* with him *Charles H. McKee,* for appellant.

*William H. Sponsler,* for appellee, cited Attorney General v. Ins. Co., 33 Hun (N. Y.), 138; Ins. Co. v. Eggleston, 96 U. S. 572; Thompson v. Ins. Co., 52 Mo. 469; Buckbee v. Ins., etc., Co., 18 Barb. (N. Y.) 541; Union Central Life Ins. Co. v. Pottker, 33 Ohio, 459; Helme v. Philadelphia Life Ins. Co., 61 Pa. 107; Mayer v. Ins. Co., 38 Iowa, 304; Ins. Co. v. Carter, 9 Cent. Rep. 530.

OPINION BY MR. JUSTICE FELL, January 2, 1899:

The policy of life insurance on which this action was brought was issued April 4, 1896. The insured died September 25, 1896. The premiums were payable quarterly on the first days of July, October, January and April. The premium due July 1 was not paid. Anticipating the defense that the policy had lapsed for nonpayment of the premium the plaintiff averred in her statement: " That the defendant before and at the time of issuing the policy in suit was in the uniform or general practice, habit and custom in the neighborhood of the residence of

the insured, to forward to its local agent the receipt for premiums then about to become due," with the intent that the agent should go to the insured and collect the premiums ; that when the policy was delivered the agent informed the insured of this custom, and promised to call at his house for the premiums as they fell due ; that subsequently the custom was changed by the company without notice to the insured, who had relied upon the promise of the agent to call upon him for the premiums.

In the affidavit of defense it is denied that any arrangement for the collection of premiums, such as set up by the plaintiff was ever made by any one authorized to act for the company and to bind it in relation thereto. The policy required all premiums to be paid at the company's office in Philadelphia, and it gave distinct notice that no agent had power to modify the contract in any way.

There is in the statement no sufficient averment of a custom which could be read into the agreement, and as the default occurred when the first payment became due no course of dealing had been established between the parties. The plaintiff's case then rests upon the averment that the insured was informed by the agent of a custom in relation to the collection of premiums, and that he relied upon the agent's promise to call upon him when payments fell due. The denial that such an arrangement had been authorized by the company or made by any one with power to bind it was sufficient, we think, to prevent judgment and to carry the case to the jury.

The judgment is reversed with a procedendo.